IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03014-BNB

MICHAEL REA, and
CHARLES MEDICINE BLANKET,

Plaintiffs,

v.

COLORADO DEPT. OF CORRECTIONS,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 05 2010

GREGORY C. LANGHAM
CLERK

ORDER DENYING PLAINTIFFS' MOTIONS
FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Plaintiffs, Michael Rea and Charles Medicine Blanket, are prisoners in the custody of the Colorado Department of Corrections (DOC) who currently are incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado. Plaintiffs filed *pro se* a complaint for injunctive relief pursuant to 42 U.S.C. § 1983 and were given leave to proceed pursuant to 28 U.S.C. § 1915. By March 1, 2010, each Plaintiff paid an initial partial filing fee in the amount of $ 2.00.

On December 29, 2009, and on January 19, 2010, Plaintiffs filed identical motions for a temporary restraining order and preliminary injunction pursuant to Rule 65, Fed. R. Civ. P. The Court must construe the Rule 65 motions liberally because Plaintiffs are *pro se* litigants. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Fed. R. Civ. P. 65 motions will be denied.

In their complaint, Plaintiffs, who allege they are American Indians and specifically Lakota Indians, challenge the DOC's alleged failure to protect American Indian religious practices. In the motions for a temporary restraining order and injunctive relief, Plaintiffs seek the appointment of a chaplain to assist American Indians with their religious rights. They also seek to prohibit any interference with their American Indian ceremonies and practices, any interference with their access to the courts, their transfer from the general prison population or their current facility, or any other interference with the current state of their incarceration.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Plaintiffs fail to allege specific facts that demonstrate they are facing immediate and irreparable injury. Therefore, the motions for a temporary restraining order and preliminary injunction relief will be denied. Accordingly, it is

ORDERED that the motions for a temporary restraining order and preliminary injunction that Plaintiffs, Michael Rea and Charles Medicine Blanket, submitted to and filed with the Court on December 29, 2009, and on January 19, 2010, are denied.

DATED at Denver, Colorado, this __4th__ day of __March__, 2010.

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03014-BNB

Michael D. Rea
Prisoner No. 118902
Kit Carson Corr. Center
PO Box 2000 – CA 104b
Burlington, CO 80807

Charles Medicine Blanket
Prisoner No. 98841
Kit Carson Corr. Center
PO Box 2000 - CA 104t
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/5/10

GREGORY C. LANGHAM, CLERK

By_____
Deputy Clerk